DANIEL v. MANHATTAN LIFE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    June 9, 1905.)

1. DISMISSAL—POWER OF TRIAL COURT.

   The trial court is not authorized to dismiss a case because the complaint is lengthy and cannot be understood without an adjournment to read it.

2. SAME—NEW TRIAL.

   Where a case was dismissed because the complaint was lengthy and could not be understood without an adjournment to read it, a new trial was properly granted.

   Woodward, J., dissenting.

Appeal from Special Term, Kings County.

Action by Walter Travers Daniel against the Manhattan Life Insurance Company of New York. From an order granting a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Edward S. Rapallo, for appellant.

George W. McKenzie, for respondent.

HIRSCHBERG, P. J. The action is for damages for the breach of a contract of employment. On the trial at the opening of the case the learned trial justice granted the motion of the defendant's counsel to dismiss the complaint, made generally upon the ground

that it failed to set forth allegations constituting a cause of action. The plaintiff's counsel thereupon duly excepted, and moved to set aside the direction dismissing the complaint, and for a new trial. This motion was taken under advisement by the learned trial justice, and after due deliberation was granted, and the order to that effect now appealed from was entered.

It appears from the opinion written and delivered by the learned trial justice upon the second motion that he did not dismiss the complaint because he thought it did not state facts sufficient to constitute a cause of action, but solely because he had not read it, and therefore did not know what facts it contained. He said, "I dismissed the case on the trial because the complaint, of more than thirty pages, could not be understood without taking an adjournment to read it." The ground of dismissal was not one which is recognized as valid in law. The learned trial justice was therefore ultimately right in deciding that he had been previously wrong, and it follows that the order appealed from should be affirmed. The question of the sufficiency of the complaint has not been considered, and is not determined.

I think it just, under the peculiar circumstances, however, that the affirmance should be without costs.

BARTLETT and MILLER, JJ., concur. HOOKER, J., not voting.

WOODWARD, J. (dissenting). The parties to this action entered into an agreement in writing on the 15th day of February, 1894, by the terms of which the defendant agreed to employ the plaintiff as an agent for soliciting insurance, collecting, etc. This contract was for an indefinite period, and it was provided that "either party may terminate this agreement by giving to the other party thirty days' notice in writing to that effect," which obviously had the effect of extending the contract for a period of 30 days beyond the date of notice, instead of leaving it optional with either party to end the term at will and without notice. From time to time this contract was renewed or extended by mutual agreement in writing, and each time the original contract was referred to as still existing. On the 24th of February, 1900, the last of these memorandum agreements was made, which provided that the "contract between the parties dated February 15th, 1894, as amended by written amendment dated February 15th, 1897; also by one dated June 22, 1898; also by one dated May 1st, 1899; also by one dated February 17th, 1896, which latter shall take the place of the agreement to pay fifteen per cent (15%), advance contained in the contract; also by one dated May 18th, 1894; is hereby extended, as is also the amendment of February 15th, 1897, for one year after March 1st, 1900, all other amendments having lapsed." On the 6th day of April, 1900, the defendant gave notice in writing that in "accordance with the terms and provisions of your contract, dated February 15th, 1894, and all the amendments and extensions of the same, including one dated February 24, 1900," the said de-

fendant "hereby terminates said contract and all the amendments and extensions thereof, from and after thirty days from this date."

The plaintiff brought his action upon the theory that the defendant, by giving this notice, had produced a breach of contract. Upon the trial the learned court dismissed the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, but subsequently granted a new trial upon the minutes— holding that the complaint, while lacking in conciseness, did state facts sufficient to warrant the granting of relief—and from the order granting a new trial the defendant appeals.

The question presented is whether the various extensions and modifications of the original contract, which was treated as the basis of the transactions between the parties, operated to take from that contract the specific provision that it might be terminated upon 30 days' notice by either party. None of the amendments which were made from time to time made any mention of this provision; they all related to terms and conditions of compensation, office details, etc., and unless it is so inconsistent with the terms of the amendments as to be repealed by implication, the provision still exists, and the plaintiff is without a right, and therefore without a remedy. I am unable to discover why the parties might not have agreed to extend the contract from time to time, and for definite periods, subject to the limitation that it might be terminated upon 30 days' notice. The contract as it originally existed, independent of the termination clause, might have been ended without notice at any time, and the plaintiff would have had no reason to complain. The provision inserted gave him at least 30 days after notice to continue the employment. When the parties subsequently contracted by the year, or for definite periods, making the original contract a part of the agreement, without modifying this clause, is there any reason to suppose that they intended to abrogate this provision? Nothing in the language used indicates such an intention, and it was a prudent thing for the defendant to have a provision in its yearly contract that it might be terminated upon 30 days' notice; and such a provision made it possible for the plaintiff, upon a better opening presenting itself, to take advantage of an opportunity. It had all of the elements of mutuality; it was in accord with the express language of the original contract, which language has never been modified; and I am of opinion that the minds of the parties have never met in such a modification. Provisions of this character are quite common in contracts for fixed terms, and, the parties having originally used the language, there is no reason for striking the words from the contract, or for making a new contract for them. All of the contract, as asserted by the plaintiff, is in writing, and all parts of the contract should be read and construed together, and each part given its proper effect, if this can be done without violence to the language which the parties have chosen. There is no difficulty upon this point; the contract set forth by the pleadings is the original contract, as modified by various written memoranda; and it is an agreement to employ the plaintiff for a period of one year, subject to the limitation that it may be terminated by either

party upon 30 days' notice. It follows, therefore, that the order granting a new trial should be reversed, and the complaint dismissed, as not stating facts sufficient to constitute a cause of action.